UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RUSSELL E. CRUMP,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**BANK OF AMERICA, et al.**<br><br>    **Defendants.** | Civil Action 05-00464 (HHK) |

**MEMORANDUM OPINION AND ORDER**

Russell E. Crump filed a Petition for a Writ of Garnishment requesting that one-hundred seventy thousand dollars ($170,000.00) be deposited in the court's registry by Bank of America and Wachovia Bank. Before the court is Bank of America's motion to dismiss [#2]. Upon consideration of the motion, the oppositions thereto, and the record of this case, the court concludes that Bank of America's motion must be granted.

**I.  FACTUAL BACKGROUND**

On March 4, 2005, Crump filed a *pro se* pleading entitled "Petition for Writ of Garnishment" ("Petition") against defendants, Bank of America and Wachovia Bank.[1] Plaintiff's Petition is essentially one page in length, is largely unintelligible, and states in its entirety as follows:

---

[1]   Plaintiff's Petition was entered into the docket as a new civil litigation complaint even though the writ of garnishment was sought incidental to two other matters that were before this court in 1979 and 2002.

PETITION FOR WRIT OF GARNISHMENT

Creditor-Plaintiff avers:
1. Pursuant to Rules 64, 67 Frcvp and D.C. Code §§ 16-501 et seq.
   Plaintiff moves the Court for an Order directing the garnishee(s), above designee(s), to deposit One Hundred Seventy Thousand Dollars (170K) in the Courts' registry for the benefit of plaintiff-creditor.
   (a) The writ of garnishment is a judicial proceeding ancillary or independent of Crump v. Amtrak and Manulife Financial cases (D.D.C 79-1506 and 1:02cv00175 (HHK)).
   (b) Garnishee(s), Bank of America, Wachovia hold bank accounts belonging to "Amtrak" or "Manulife"

JURISDICTION

The Court's jurisdiction is invoked under the provisions of law, to name:
   • 12 USC § 3416; and
   • 28 USC §§ 1331, 1332.

Wherefore creditor-plaintiff prays for judgment as follows:
1. An order directing deposit of One Hundred Seventy Thousand dollars ($170K) in the court registry;
2. Costs and attorney's fees as required by statute (42 USC § 1988; D.C. Code §§ 16-523; 16-529.
3. Trial by jury of all factual issues.
4. Such other relief as the court deems just and proper.

Pet. at 2 (footnote omitted).[2]

The two cases cited by Crump in his Petition are *Crump v. Nat'l R.R. Passenger Corp.,* Civ. No. 79-1506 (D.D.C. 1979) ("1979 case") and *Crump v. Nat'l R.R. Passenger Corp., et al.,* Civ. No. 02-175 (D.D.C. 2002) ("2002 case"). The histories of these cases are as follows: In 1979, Crump filed suit against National Railroad Passenger Corporation ("Amtrak"), which was resolved in 1981 by way of a settlement agreement between both

---

[2] All errors in spelling, formatting, punctuation, etc. are Crump's own.

parties. *Crump v. Nat'l R.R. Passenger Corp.*, No. 02cv00175, slip op. at 2 (D.D.C. Sept. 23, 2003). The agreement provided that Amtrak pay Crump a particular sum of money for a period of twenty years.

Twenty years later, subsequent to Amtrak's performance of the settlement agreement, Crump challenged Amtrak's interpretation of the agreement, claiming that he was entitled to payments for life. Plaintiff thereafter filed suit against Amtrak and Manufacturers Life Insurance Company ("Manulife") in 2002. That case was ultimately resolved on February 11, 2003, when this court entered judgement in favor of defendants on all claims. Over two years later, Crump filed his Petition.

In its motion to dismiss, filed April 5, 2005, Bank of America argues that Crump's Petition "does not state any independent cognizable cause of action against Bank of America entitling plaintiff to the relief requested and does not meet the procedural and substantive requirements necessary for a writ of garnishment to issue." Def.'s Mot. to Dismiss, at 2. The court agrees.

## II.  DISCUSSION

**A.  Standard of Review**

A court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Martin v. Ezeagu*, 816 F. Supp. 20, 23 (D.D.C. 1993) (internal quotations omitted); *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) (stating that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief"). In addition, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (stating that the court must give the plaintiff "the benefit of all inferences that can be derived from the facts alleged").

Allegations of a *pro se* complaint are held to "'less stringent standards than formal pleadings drafted by lawyers.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 n.2 (D.C. Cir. 2000) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Though a court will read a *pro se* plaintiff's complaint liberally, a *pro se* plaintiff retains the burden of presenting a claim upon which the court can grant relief. *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

**B. Federal Rules of Civil Procedure 64 and D.C. Code § 16-501**

In his Petition, Crump first cites Federal Rule of Civil Procedure 64 as authority for the issuance of a writ of garnishment. Federal Rule 64 states: "At the *commencement of* and *during the course of an action*, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held . . . ." FED. R. CIV. P. 64 (emphasis added).

The "law of the state" cited by Crump is Section 16-501 of the D.C. Code, which—on its face—governs attachments *before* judgement.  *See* D.C. Code § 16-501(b) ("In an action specified by subsection (a) of this section, the plaintiff, his agent, or attorney, may file an affidavit as provided by subsections (c) and (d) of this section either at the commencement of the action or pending the action.").  Section 16-501 also contains the procedural requirements for filing an affidavit and bond in order to obtain a preliminary writ of attachment and garnishment in a matter.

It is clear that Rule 64 and D.C. Code § 16-501 govern the use of provisional remedies prior to the entry of a judgment in an action.  As drafted in his Petition, and as construed by this court, Crump has not filed an underlying complaint required to grant a pre-judgment writ of garnishment against the accounts of Bank of America.  As explained above, the 1979 and 2002 cases referenced in the Petition have previously been resolved and are no longer pending before this court.  Thus, obtaining a writ of garnishment based on a post-judgment action would run contrary to Rule 64 and D.C. Code § 16-501.

To the extent that plaintiff is seeking a post-judgment writ of execution, as opposed to a pre-judgment writ of garnishment, the Court must look to Federal Rule of Civil Procedure 69, which plaintiff does not cite in his Petition.  Rule 69 governs the post-judgment process by which a judgment creditor can enforce a money judgment using the practice and procedure of the state in which the district court is held; in this case, the District of Columbia.  FED. R. CIV. P. 69.

Crump's Petition can be dismissed under Rule 69 before this Court even reaches the question of District of Columbia practice and procedure, for there is one very important condition precedent to all post-judgment procedures in federal *and* state courts: there must be an actual judgment entered in favor of the judgment creditor. Without such a judgment, there is nothing for this Court to enforce. Since the 1979 case was settled before judgment was entered, and since judgment was entered against Crump in the 2002 case, Rule 69 does not provide plaintiff with the recourse he seeks in obtaining a post-judgment writ of execution against Bank of America or Wachovia.

**C. Federal Rule Of Civil Procedure 67**

Next, Crump relies on Federal Rule of Civil Procedure 67 as authority in support of his Petition. Rule 67 provides that, "[i]n an action in which any part of the relief sought is a judgment for a sum of money . . .a party upon notice to every other party, and by leave of court, may deposit with the court all or part of such sum." FED. R. CIV. P. 67. A depositor's request can only be made in actions where the judgment or relief sought is for the money or thing deposited. *See id.* Because Rule 67 applies only to pending actions, and here there is no underlying complaint or action, Crump's reliance on it is misplaced. *See LTV Corp. v. Gulf States Steel, Inc.*, 969 F.2d 1050, 1063 (D.C. Cir. 1992) (Rule 67 "provides a place of safekeeping for disputed funds pending the resolution of a legal dispute, but it cannot be used as a means of altering the contractual relationships and legal duties of the parties.").

Thus, absent a new complaint or a judgment in his favor, Crump's Petition must be denied for failure to state a claim on which relief can be granted.

**D. Attorney's Fees**

Having dismissed Crump's substantive claims, the court concludes that Crimp is not entitled to attorney's fees under 42 U.S.C. § 1988 or sections 16-523 and 16-529 of the D.C. Code.  None of these provisions address attorney's fees in attachment or garnishment proceedings such as in the instant case.

### III.  CONCLUSION

Accordingly, it is this 23rd day of March, 2006, hereby

**ORDERED** that Bank of America's motion to dismiss [#2] is **GRANTED**.


Henry H. Kennedy, Jr.
United States District Judge